## BOEHNING, CHAIRMAN COMMISSIONER, STATE HIGHWAY COMMISSION, ET AL. *v.* INDIANA STATE EMPLOYEES ASSN., INC., ET AL.

No. 74–1544.   Decided November 11, .1975

PER CURIAM.

Respondent Musgrave, an employee of the Indiana State Highway Commission, was dismissed for cause, her request for a pretermination hearing having been denied. She then brought this 42 U. S. C. § 1983 suit asserting hearing rights rooted in the Federal Constitution and seeking damages and injunctive relief.   The District Court held that the controlling state statutes, as yet unconstrued by the state courts, might require the hearing demanded by respondent and so obviate decision on the constitutional issue.   It therefore abstained until construction of the Indiana statutes had been sought in the state courts.   The Court of Appeals for the Seventh Circuit reversed, finding nothing in the language of the relevant state statutes that would support a claim for a pretermination hearing and then resolving the federal constitutional question in respondent's favor.

We reverse.   Where the Indiana Administrative Adjudication Act is applicable, "[t]he final order or

determination of any issue or case applicable to a particular person shall not be made except upon hearing and timely notice of the time, place and nature thereof." Ind. Code § 4–22–1–5 (1974). The Act applies to all issues or cases applicable to particular persons "excluding . . . the dismissal or discharge of an officer or employee by a superior officer, but including hearings on discharge or dismissal of an officer or employee for cause where the law authorizes or directs such hearing." § 4–22–1–2. It may be that the Court of Appeals is correct in its "forecast," see *Railroad Comm'n v. Pullman Co.*, 312 U. S. 496, 499 (1941), that when construed together by the state courts, the Administrative Adjudication Act and the Indiana Bipartisan Personnel System Act, which is applicable to Highway Commission employees and which neither expressly authorizes nor precludes termination hearings, would not require the hearing respondent has demanded. On the other hand, the relevant statutory provisions may fairly be read to extend such hearing rights to respondent;*

---

*The possibility that the Indiana state courts would adopt the construction contrary to that of the Court of Appeals for the Seventh Circuit is somewhat enhanced by the fact that the construction adopted by the Seventh Circuit may fairly be said to raise federal constitutional problems under recent procedural due process decisions of this Court, *e. g.*, *Arnett* v. *Kennedy*, 416 U. S. 134 (1974), particularly if, as the Seventh Circuit appears to have assumed, the Administrative Adjudication Act would leave respondent without a state-law right to a hearing *at any time* in connection with her dismissal for cause. The state courts may be reluctant to attribute to their legislature an intention to pass a statute raising constitutional problems, unless such legislative intent is particularly clear. See, *e. g.*, *Kent* v. *Dulles*, 357 U. S. 116, 129–130 (1958); *Johnson* v. *Robison*, 415 U. S. 361, 366–367 (1974). See Field, Abstention in Constitutional Cases: The Scope of the *Pullman* Abstention Doctrine, 122 U. Pa. L. Rev. 1071, 1117–1118 (1974).

Although the question of respondent's federal constitutional right to a hearing *at some time,* in connection with a discharge for cause

and in these circumstances we conclude that the District Court was right to abstain from deciding the federal constitutional issue pending resolution of the state-law question in the state courts. *Meridian* v. *Southern Bell T. & T. Co.,* 358 U. S. 639, 640 (1959); *Reetz* v. *Bozanich,* 397 U. S. 82 (1970); *Harman* v. *Forssenius,* 380 U. S. 528 (1965); *Fornaris* v. *Ridge Tool Co.,* 400 U. S. 41 (1970); *Railroad Comm'n* v. *Pullman Co., supra.*

The petition for certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded for further consideration consistent with this opinion.

*So ordered.*

MR. JUSTICE DOUGLAS, dissenting.

The position of the Court continues the strangulation of 42 U. S. C. § 1983 that has recently been evident. See, *e. g., Huffman* v. *Pursue, Ltd.,* 420 U. S. 592 (1975). The road of the respondent employee has been longer and more expensive than the Congress planned. See *Harrison* v. *NAACP,* 360 U. S. 167, 179–184 (1959) (DOUGLAS, J., dissenting). I would affirm the decision of the Court of Appeals.

---

may already have been resolved in respondent's favor in *Perry* v. *Sindermann,* 408 U. S. 593 (1972); *Board of Regents* v. *Roth,* 408 U. S. 564 (1972); and *Arnett* v. *Kennedy, supra,* the tenured employee's right to a *preremoval* hearing has been determined by this Court only in the context of a statute providing notice and an opportunity to respond in writing *before* removal coupled with a full hearing after removal. See concurring opinion of POWELL, J., in *Arnett* v. *Kennedy, supra,* at 164, 170.