Settle order on notice.

**GWENDOLYN SHELTON, on her own behalf and on behalf of all others similarly situated, Plaintiff,**

v.

**J. Henry SMITH et al., Defendants.**

**No. 76 Civ. 3006 (KTD).**

United States District Court,
S. D. New York.

Aug. 11, 1976.

**650**

Brooklyn Legal Services Corp. B. by John C. Gray, Jr., Toby B. Golick, Gretchen L. Sprague, Brooklyn, N. Y., for plaintiff.

Simpson Thacher & Bartlett, New York City by Ronald L. Ginns, New York City, for defendant Jane D. Edwards.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Gwendolyn Shelton, the plaintiff in this action is the mother of four children. In 1973, Mrs. Shelton executed forms which authorized the New York City Commissioner of Social Services to place her son James, age 3, and Alexander, age 6, in the care of an authorized agency. (The forms used by the City have not been submitted to this Court). The City agency placed the children with Spence-Chapin Services to Families and Children ("Spence-Chapin") which in turn found foster homes for the children. Alexander was returned to Mrs. Shelton in June of 1974 but was again placed with Spence-Chapin in June, 1975.

It was also in June of 1975 that Mrs. Shelton began experiencing difficulty in arranging visits through Spence-Chapin. The agency put off visits for reasons such as illness of the children and the difficulty of having the foster parent bring in the children. Finally, at a December, 1975 meeting with personnel from Spence-Chapin, Mrs. Shelton was told that she could no longer visit the children and that the agency would seek to have the children freed for adoption.

An action is now pending in New York State Family Court, New York County to terminate Mrs. Shelton's parental rights on the ground of abandonment of James and permanent neglect of Alexander. (B–2894/76 and B–2895/76). A hearing in that action is scheduled for August 24, 1976.

Mrs. Shelton does not challenge the right of defendants to commence the Family Court proceeding. Rather she argues that the failure of Spence-Chapin and other defendants to provide a hearing prior to terminating her visitation rights is violative of her rights under the first, ninth and fourteenth amendments and the Social Security Act, 42 U.S.C. §§ 601, 608, and 625, 1397a(a)(1)(C).

Plaintiff claims that New York Social Services Law § 383.2 and other sections of New York law authorize the agency to terminate visiting rights without a hearing.[1] She now seeks class certification under Rule 23, Fed.R.Civ.P., the convening of a three judge court pursuant to 28 U.S.C. § 2281 and § 2284 and a judgment declaring section 383.2 unconstitutional. She also seeks an order "[e]njoining defendants from denying visiting rights to plaintiff, and directing defendants to arrange visits between plaintiff and her children in foster care, during the pendency of this action. . . ."

I find that I must abstain from consideration of this action until all state proceedings are completed.[2] First, the relief sought against Mrs. Shelton in the Family Court action is the termination of all parental rights. If that application is granted, the action now before me will be

1. N.Y. Social Service Law § 383.2 provides in part:
   "The custody of a child placed out or boarded out and not legally adopted or for whom legal guardianship has not been granted shall be vested during his minority, or until discharged by such authorized agency from its care and supervision, in the authorized agency placing out or boarding out such child . . . ."
   Although the affidavit in support of plaintiff's motion refers to a challenge to N.Y. Family Court Act § 611 and 614, subd. 1(c) and 18 N.Y.C.R.R. § 450.9(c)(2), the complaint is silent

as to them and the memorandum of law does not argue their unconstitutionality. These sections govern the permanent neglect proceedings and are not germane to the issue of a pre-termination hearing.

2. Apart from the other possible barriers to the convening of a three-judge court, none is required in light of my decision to abstain. The Second Circuit has ruled that a single judge may decline to exercise jurisdiction under the abstention doctrine even though the case would otherwise be a proper one for the convening of a three-judge court. *Reilly v. Doyle*, 483 F.2d 123, 127 (2d Cir. 1973).

moot for want of a plaintiff with proper standing.[3]

Second, although the statutes are challenged on vagueness grounds, plaintiff has cited no state court decision holding that the challenged sections empower defendants to deny visitation rights without a hearing. Since the challenged section is totally silent on the question, the state court may well conclude as a matter of statutory construction that a pre-termination hearing is required. It is also possible that the court may find that while the statute does not require a hearing, other provisions of state law do mandate a hearing. A similar situation was recently before the Supreme Court in *Boehning v. Indiana State Employees Ass'n, Inc.*, 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975). There the plaintiff had brought an action under 42 U.S.C. § 1983 alleging that the state's denial of a hearing prior to termination of her employee status violated her constitutional rights. Finding state law to be silent on the question of a hearing, the district court declined to exercise jurisdiction until after an interpretation by a state court. The Court of Appeals reversed holding that since the statute did not expressly provide for a hearing, there were no open issues of state law to be decided. The Supreme Court reversed the Court of Appeals and concluded that although the statute did not address itself to the question of a hearing, a state court might construe the statute to require one and thereby avoid the constitutional issue. It is clear to me that, as in *Boehring*, there are unresolved questions of state law which must first be passed upon by a state court.[4]

■ In considering whether a federal court should abstain, the likelihood of irreparable injury from non-intervention is a proper consideration. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Here the plaintiff has moved for a preliminary injunction alleging such irreparable injury. At first glance the inability of a mother to visit her children while lawsuits are conducted might appear to be the type of injury which would warrant injunctive relief. However, this Court is of the opinion that there is a greater possibility of emotional harm to the two children, Alexander and James, in mandating them to visit their natural mother on the eve of a possible permanent separation. According to the recently published study, *Beyond the Best Interests of the Child* by Goldstein, Freud & Solnit, upon which plaintiff relies for other purposes, a permanent separation between natural parent and child is best made in a manner which is total and complete and leaves the least opportunity for the child to dwell on the relationship about to be terminated. For this reason, among the others, I am unwilling to interfere with the status quo until after the Family Court has spoken.

Rather than dismiss the action, jurisdiction will be retained until all state proceedings are completed. See *Zwickler v. Koota*, 389 U.S. 241, 244 n.4, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Reid v. Board of Educ.*, 453 F.2d 238 (2d Cir. 1971). The case is placed on the suspense calendar. The parties are directed to report to this court on the status of all state proceedings ninety days from the date of this order.

SO ORDERED.

---

**3.** That the action against Mrs. Shelton is civil rather than criminal does not preclude abstention. *Ahrensfeld v. Stephens*, 528 F.2d 193 (7 Cir. 1975).

**4.** This court expresses no opinion as to whether plaintiff's claims can or should be raised in the pending Family Court action or whether a separate action would be necessary.