Patricia **BETTS** and **Donald Musumeci,** Individually and on behalf of all others similarly situated, Plaintiffs,

v.

**RELIABLE COLLECTION AGENCY, LTD.,** a Hawaii Corporation, Individually and on behalf of all persons similarly situated, et al., Defendants.

Civ. No. 76–0123.

United States District Court, D. Hawaii.

Nov. 26, 1976.

---

Paul Alston, Stanley E. Levin, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

James P. Dandar, Deputy Atty. Gen., Ronald Y. Amemiya, Atty. Gen., Honolulu, Hawaii, for defendant Helen Coltes.

## DECISION AND ORDER

SAMUEL P. KING, Chief Judge.

This is an action brought by two judgment debtors against their judgment creditors, a collection agency and against Helen Coltes in her capacity as the clerk of the District Court of the First Circuit Court of the State of Hawaii. Plaintiffs seek a declaration that the postjudgment garnishment procedures provided in H.R.S. § 652–1(b) are unconstitutional since the postjudgment debtors are not afforded an opportunity for a hearing before the garnishment

takes place.[1] Plaintiffs also seek damages from all defendants except Coltes for allegedly depriving them of their civil rights in violation of 42 U.S.C. § 1983.

Before the court is defendant Coltes' motion requesting that this court "abstain from hearing and deciding the question of whether or not [H.R.S. § 652–1(b)] is unconstitutional until the [c]ourts of the State of Hawaii have been granted an opportunity to construe the statute in question."

Abstention in the face of uncertain issues of state law serves the dual function of avoiding a premature constitutional adjudication and avoiding what has been labelled "friction" between the federal and state judicial systems.[2] *See Railroad Com'n v. Pullman,* 312 U.S. 496, 500–01, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The general rule is that abstention is proper where resolution of the uncertain issue of state law "might end the litigation and not give rise to any federal constitutional claim." *Wisconsin v. Constantineau,* 400 U.S. 433, 438, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971).

Precedent also teaches that abstention is not proper "simply to give state courts the first opportunity to vindicate the federal claim," *Zwickler v. Koota,* 389 U.S. 241, 251, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967), and that the "abstention doctrine is not an automatic rule applied whenever a federal court is faced with a doubtful issue of state law; it rather involves a discretionary exercise of a court's equity powers." *Baggett v. Bullitt,* 377 U.S. 360, 375, 84 S.Ct. 1316, 1324, 12 L.Ed.2d 377 (1964).

Against this background, defendant Coltes urges that two recent Supreme Court decisions, *Carey v. Sugar,* 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587 (1976) and *Boehning v. Indiana Employees Association,* 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975), mandate that this court abstain from hearing the present case. In *Carey* the Supreme Court reversed a three-judge court which had declared unconstitutional a New York state statute governing prejudgment attachment of the assets of defendants in civil proceedings. In the Supreme Court's view, the New York state courts should have been given an opportunity to construe the New York statute "as a matter of state law" in such a way that a federal decision on the constitutionality of the statute could be avoided. Such a construction, the Court held, "was by no means automatically precluded", noting that two New York trial courts had so construed the statute in question subsequent to the three-judge court's decision. *See Carey v. Sugar, supra,* 425 U.S. at 78, 96 S.Ct. at 1210, 47 L.Ed.2d 591.[3]

---

1. H.R.S. § 652–1(b) provides:

   After judgment. Wages may be garnisheed after judgment at the rates specified in the third paragraph of subsection (a) of this section but without regard to the conditions set forth in the second paragraph of subsection (a) of this section. In any action brought by a creditor against a debtor, the creditor may, after judgment rendered in his favor, request the court to summon any garnishee to appear personally, upon a day appointed in summons for hearing the cause as against the garnishee, and make full disclosure; or in any action brought in the district court by a creditor against a debtor, the creditor may, ten days after judgment rendered in his favor, file a certified copy of the judgment and his affidavit as to the amount due and unpaid on account of the judgment with the employer of the judgment debtor and the employer shall thereupon either file a disclosure within one week or shall withhold from the wages of the judgment debtor the amounts as provided herein and pay the same to the judgment creditor.

   Alias summons shall also be issued and served similarly as other civil process. From the time of leaving the copy of the alias summons, any and every element of any garnishee fund in the hands of the garnishee shall be there secured to pay the judgment already recovered and may not otherwise be disposed of by the garnishee.

2. Abstention theoretically also serves to avoid incorrect determinations of state law by federal courts. SeeField, Abstention in Constitutional Cases: The Scope of the Pullman Doctrine, 122 U.Pa.L.Rev. 1071, 1091 (1974).

3. The three-judge court had stayed execution of its order enjoining operation of the New York statute pending appeal and the New York trial courts had ruled during the period of the stay. *See Carey v. Sugar,* 425 U.S. at 77, 96 S.Ct. at 1210, 47 L.Ed.2d at 590.

*Boehning* involved a challenge by an employee of the Indiana State Highway Commission to her dismissal for cause without an opportunity for a pretermination hearing. The Indiana Bipartisan Personnel System Act, which was applicable to Highway Commission employees such as plaintiff Boehning, neither expressly authorized nor precluded termination hearings. In this situation, if the Indiana Administrative Adjudication Act were construed as applying to a public employee in plaintiff Boehning's situation, a hearing would be required as a matter of state law. The Supreme Court concluded that "these relevant statutory provisions [might] fairly be read to extend such rights to" Boehning and that therefore this question of state law should be decided in the state courts before any constitutional decision was sought from the federal court. *See Boehning v. Indiana Employees Association, supra,* 423 U.S. at 7, 96 S.Ct. 168 (1975).

■ After *Carey* and *Boehning* it is unclear whether the Supreme Court's earlier statement that a statute must be "obviously susceptible of a limiting construction"[4] before abstention is proper remains good law. Nevertheless, for abstention to be proper there must be a substantial legal argument that a construction of the state statute is possible which would avoid a federal constitutional decision. In this case, there is no question that no hearing is provided by H.R.S. § 652–1(b) and in her moving papers defendant Coltes does not point out any ambiguity in this respect. Counsel's position on oral argument that the specific procedures in H.R.S. § 652–1(c)[5] which govern the garnishment by summons process somehow require a hearing for the garnishment by affidavit process is belied by the very wording of the statute. While this court would be reluctant to resolve an ambiguity in state law, it has no hesitation in finding that no material ambiguity exists in H.R.S. § 652–1(b).

It is entirely possible that a state court might construe H.R.S. § 652–1(b) as requiring a hearing if that construction were necessary to save the constitutionality of the statute, *see Boehning v. Indiana Employees Association, supra,* 423 U.S. at 7, 96 S.Ct. 168, and such a ruling would, of course, eliminate the necessity for a federal constitutional adjudication in this case. This rationale for abstention was suggested by Justice Black in *Wisconsin v. Constantineau, supra,* 400 U.S. at 443, 91 S.Ct. 507 (Black, J., dissenting). In Justice Black's view, the Wisconsin statute at issue was so clearly unconstitutional that the Wisconsin courts could not conceivably uphold the statute and that it was therefore "wholly uncertain that the state law has the meaning it purports to have,". *Id.* at 444, 91 S.Ct. at 513. This approach, however, was rejected by the majority. *See Wisconsin v. Constantineau, supra,* 400 U.S. at 437, 91 S.Ct. 507.

The Supreme Court noted this rationale in *Boehning v. Indiana Employees Association, supra,* 423 U.S. at 7, 96 S.Ct. 168. In *Boehning,* the Supreme Court had found that an ambiguity already existed in the statutory scheme. *See id.* In the instant case, there is no ambiguity. In addition, the instant case, unlike *Boehning,* does not present such clear issues of constitutional law that the state court has a compelling reason to infer a legislative intent that a hearing should be held.[6] Finally, in view of

---

**4.** *Zwickler v. Koota, supra,* 389 U.S. at 251, 88 S.Ct. at 397.

**5.** H.R.S. § 652–1(c) provides:
Return by garnishee. Any garnishee summoned, whether before or after judgment, may file in the court issuing the summons, on or before the return day thereof, a return under oath containing a full disclosure. A copy of the return shall be served on the plaintiff or his attorney on or before the return day. The filing of the return shall be deemed prima facie a compliance with the summons; provided that either party to the action may, upon written notice served upon the garnishee, require the garnishee to appear and be examined under oath as to such disclosure or as to his liability as garnishee.

**6.** The Fifth Circuit has recently upheld a postjudgment garnishment statute at least somewhat similar to the Hawaii statute. *See Brown v. Liberty Loan Corp.,* 539 F.2d 1355 (5th Cir., 1976) (Wisdom, J.)

**1144**

the Supreme Court's opinion in *Wisconsin v. Constantineau, supra,* 400 U.S. 433, 91 S.Ct. 507, this court does not interpret *Boehning* as standing for the proposition that abstention is proper anytime that a state court might conceivably "save" the constitutionality of an otherwise unconstitutional statute by interpreting it to conform to the federal constitution. Such a rule would reduce to nothing the Supreme Court's statement that abstention cannot be ordered simply to "give state courts the first opportunity to vindicate the federal claim." *Zwickler v. Koota, supra,* 389 U.S. at 251, 88 S.Ct. at 396.

■ Several "special circumstances" mitigate against abstention in this case. *See Baggett v. Bullitt, supra,* 377 U.S. at 375, 84 S.Ct. 1316. First, since plaintiffs have sued the private defendants for damages under 42 U.S.C. § 1983, any ruling by a state court that a hearing is required as a matter of state law cannot avoid the ultimate necessity for a federal constitutional adjudication regarding the postjudgment garnishment procedures currently employed. Second, the "friction" which might be engendered by a ruling that the Hawaii postjudgment garnishment statute is unconstitutional can be reduced by shaping any remedies in order to allow the state an opportunity to correct any constitutional defects without interrupting this important state process. *Compare Carey v. Sugar, supra,* 425 U.S. at 79, 96 S.Ct. at 1211, 47 L.Ed.2d at 591 *with Suzuki v. Quisenberry,* 411 F.Supp. 1113, 1135 (D.Hawaii 1976) (order allowing "transitional period"). Third, defendant Coltes has not contended in this court that H.R.S. § 652–1(b) actually requires a hearing; she has merely suggested that the statute is ambiguous. This case is therefore quite different than *Carey* where the state defendants contended that a hearing was provided for by the statute under attack by plaintiffs. *See Carey v. Sugar, supra,* 425 U.S. at 79, 96 S.Ct. at 1211. Should defendant Coltes inform the court that her position is that H.R.S. § 652–1(b) requires a hearing she may renew her motion for this court to abstain.

Therefore, it is ordered that the defendant's motion to abstain is denied.