Gwendolyn SHELTON, on her own behalf and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

Henry J. SMITH, Individually and as Administrator of the New York Human Resources Administration and as Commissioner of the New York City Department of Social Services, et al., Defendants-Appellees.

No. 413, Docket 76-7423.

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1976.

Decided Dec. 28, 1976.

Toby Golick, Brooklyn Legal Services, Corporation B, Brooklyn, N. Y. (John C. Gray, Jr., Brooklyn, N. Y., on the brief), for plaintiff-appellant.

Ronald Ginns, New York City (Simpson, Thacher & Bartlett, Blair C. Fensterstock, New York City, on the brief), for defendants-appellees.

Before LUMBARD and VAN GRAAFEILAND, Circuit Judges, and BONSAL, District Judge.*

BONSAL, District Judge:

On July 7, 1976, plaintiff-appellant Gwendolyn Shelton, the natural mother of four children, commenced this action on behalf of herself and all other parents of children in foster care supervised by the defendants-appellees, City and State Departments of

* Of the Southern District of New York, sitting by designation.

Social Services. In her proceeding in the District Court plaintiff-appellant challenged the procedures followed by defendants-appellees to terminate the right of parents to visit their children in voluntary, temporary foster care. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(3) and (4).

Appellant requested declaratory and injunctive relief against enforcement of New York Social Services Law § 383(2)[1] on the ground that it authorized the defendants to terminate parental visiting rights without requiring prior notice or a hearing, violating her rights under the United States Constitution and the Social Security Act.

On July 12, 1976, five days after this action was instituted in the District Court, appellee Spence-Chapin Services to Families and Children ("Spence-Chapin") instituted proceedings in the Family Court of the State of New York to declare appellant's two children, Alexander and James, in foster care, abandoned or permanently neglected by appellant so that the children could be placed for adoption. Spence-Chapin is a private non-sectarian child care agency and is an "authorized agency" as defined by Section 371(10)(a) of the Social Services Law of the State of New York.

Two days after Spence-Chapin instituted proceedings in the Family Court, on July 14, 1976 appellant moved in the District Court for an order convening a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284; declaring her action a class action; and enjoining appellees from denying her the right to visit her two children during the pendency of this action.

By opinion and order filed August 12, 1976, the District Court, Duffy, J., denied appellant's motion for a preliminary injunction, abstained from any further proceedings pending completion of all state court proceedings, and retained jurisdiction pending completion of the state proceedings. This appeal followed.

Appellant's children, Alexander, age 6, and James, age 3, were voluntarily placed in foster care, supervised by Spence-Chapin on behalf of the New York City Department of Social Services under a program administered under the auspices of the New York State Department of Social Services which receives partial reimbursement from the Federal Government under the Social Security Act.

Alexander was placed in foster care supervised by Spence-Chapin in April 1973, returned home in June 1974, and was placed again in foster care in June 1975. James was placed with Spence-Chapin in August 1973. In December 1975, Spence-Chapin informed appellant that it had determined to terminate her visits to both children and intended to take steps to free the children for adoption.

### Discussion

By determining to abstain, the district judge did not reach the issue of whether a three-judge court should be convened, relying on *Reilly v. Doyle*, 483 F.2d 123 (2d Cir. 1973).

If a three-judge court is otherwise required under the three-judge court statutes, 28 U.S.C. §§ 2281–2284 (since repealed), the decision to abstain should usually be made by the three-judge court rather than by a single district judge. *Steffel v. Thompson*, 415 U.S. 452, 457 n.7, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Idlewild Liquor Corp. v. Epstein*, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); *McRedmond v. Wilson*, 533 F.2d 757, 764 (2d Cir. 1976); *Abele v. Markle*, 452 F.2d 1121, 1125 (2d Cir. 1971). *But cf. MTM Inc. v. Baxley*, 420 U.S. 799, 802 n.7, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975).[2] However, here it would appear

1. New York Social Service Law § 383(2) provides in relevant part:

The custody of a child placed out or boarded out and not legally adopted or for whom legal guardianship has not been granted shall be vested during his minority, or until discharged by such authorized agency from its care and supervision, in the authorized agency placing out or boarding out such child . . . .

2. *Reilly v. Doyle, supra*, relied on by the court below is inapposite here. There in affirming the district court's dismissal of a complaint seeking to enjoin a pending state prosecution

to be a waste of judicial manpower and unnecessarily time-consuming to remand to the District Court; further, the present three-judge review serves to satisfy the essential purpose of § 2281. *See Seergy v. Kings County Republican County Comm.*, 459 F.2d 308, 313 (2d Cir. 1972). Moreover, counsel for the parties agreed at the argument that this Court, composed of three judges, could appropriately decide the abstention issue.

■■ We conclude that abstention was appropriate in this case. While we recognize that a federal court should abstain only in special circumstances, *Naprstek v. City of Norwich*, 545 F.2d 815 (2d Cir. 1976); *McRedmond v. Wilson, supra,* we believe that it is appropriate here under *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and its progeny. In the present case it is not clear to us that under the challenged state statute appellant's right to visit her children may be terminated without a hearing. Although the statute is silent as to whether a hearing is required, it is possible that the "custody" vested by natural parents in the "authorized agency" under § 383(2) may be construed by the state courts as a grant of something less than complete transfer of all parental authority, thus requiring a hearing prior to termination of the natural parent's visiting rights as a matter of state law. Alternatively, it is also possible that recent amendments to Social Services Law § 384–a[3] could be read in conjunction with § 383(2) to require a hearing. *Boehning v. Indiana State Employees Ass'n, Inc.*, 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975).

Since § 383(2) is susceptible to an interpretation that a hearing is required before parental visiting rights may be terminated,

and since such an interpretation would obviate the need for the federal court to consider appellant's federal constitutional claims, abstention was appropriate in this case. *McRedmond v. Wilson, supra.*

We also affirm Judge Duffy's denial of a preliminary injunction. We agree that there was a greater likelihood of emotional injury to the two children if injunctive relief had been granted. *See Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973).

Affirmed.

---

on constitutional grounds, we did not reach the issue of whether a single district judge could abstain in a case which otherwise would require the convening of a three-judge court.

**3.** New York Social Services Law § 384–a provides in relevant part:

(b) No provision set forth in any such instrument regarding the right of the parent or guardian to visit the child . . . may be terminated or limited by the authorized agen-

cy having the care and custody of the child unless: (i) the instrument shall have been amended to so limit or terminate such right, pursuant to subdivision three of this section; or (ii) the right of visitation . . . would be contrary to or inconsistent with a court order obtained in any proceeding in which the parent or guardian was a party. McKinney's Session Laws of 1976, Ch. 669.