Charlotte EASTER, Appellant,

v.

Emil OLSON et al., Appellees.

No. 76–1629.

United States Court of Appeals,
Eighth Circuit.

Submitted March 18, 1977.

Decided April 1, 1977.

Mark D. McGuire, Lincoln, Neb., on brief, for appellant.

Harold W. Kay, North Platte, Neb., on brief, for appellee.

Before GIBSON, Chief Judge, MATTHES, Senior Circuit Judge, and HENLEY, Circuit Judge.

MATTHES, Senior Circuit Judge.

This litigation stems from a decision by members of the Board of Education of School District No. 12, Chase County, Nebraska, defendants-appellees herein, not to renew plaintiff's teaching contract for the academic year 1975–76. We review the pertinent facts.

Plaintiff, Charlotte Easter, and the Board of Education first entered into a written contract on August 20, 1973, whereby plaintiff was employed to teach grades 6, 7, and 8 commencing September 3, 1973 and ending May 24, 1974. During the 1973–74 academic year, however, the Board began to receive complaints from parents concerning primarily the amount of homework assigned by plaintiff. In August 1974, the parties entered into a second written contract whereby plaintiff was employed for the 1974–75 school year commencing September 2, 1974 and ending May 20, 1975. Parental complaints continued throughout the academic year. Finally, on March 18, 1975, plaintiff met with members of the Board and was orally advised that her contract would not be renewed for the next year. After the meeting, defendant Pauline Meeske, President of the Board, deliv-

ered a written notice of termination to plaintiff. No hearing was held, nor was one requested.

Plaintiff instituted this action in the district court on August 11, 1975, pursuant to 42 U.S.C. §§ 1983 and 1985 seeking injunctive relief, reinstatement, and damages. Plaintiff alleged that Neb.Rev.Stat. § 79–1254 (Supp.1976) gave her a property interest in continued employment, which entitled her to the protections of procedural due process, and that the Board acted arbitrarily and capriciously in failing to renew her contract in violation of her right to substantive due process. In the alternative, plaintiff alleged that she was entitled to the protection of procedural due process because termination damaged her professional reputation.

Defendants filed a motion for summary judgment, which was granted by the district court in an order entered on May 12, 1976. In a memorandum opinion filed contemporaneously therewith, the district court held in effect that even if Neb.Rev. Stat. § 79–1254 (Supp.1976) were to be construed to give plaintiff a property interest in the form of an expectation of continued employment, a question which the court did not resolve, plaintiff had waived any right to procedural due process by failing to request a hearing before the Board.

A motion for a new trial was denied by the district court on June 3, 1976. This appeal followed.

A teacher is entitled to the protections of procedural due process upon proof of a legitimate claim of expectation of or entitlement to continuing employment, the sufficiency of which is determined by reference to state law. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *see also Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Here, plaintiff relies chiefly on Neb.Rev.Stat. § 79–1254 (Supp.1976) as the source of her property interest in continued employment.[1]

Prior to February 26, 1975, the provisions of § 79–1254 contained no requirement that school districts make a determination of just and reasonable cause in terminating a contract of employment.[2] The Nebraska Supreme Court in *Schultz v. School District*, 192 Neb. 492, 222 N.W.2d 478 (1974) construed former § 79–1254 as not creating a

1. Plaintiff also argued in the district court that she was entitled to procedural due process because termination seriously damaged her reputation as an educator. Recently, in *Codd v. Vegler*, —— U.S. ——, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam), the Supreme Court held that in the case of an employee with no property interest in continued employment a hearing is required only if the employer creates and disseminates a false and defamatory impression in connection with the termination.

2. Former § 79–1254 read as follows:
   The original contract of employment with an administrator or a teacher and a board of education of a Class I, II, III, or VI district shall require the sanction of a majority of the members of the board. Any contract of employment between an administrator or a teacher who holds a certificate which is valid for a term of more than one year and a Class I, II, III or VI district shall be deemed renewed and shall remain in full force and effect until a majority of the members of the board vote on or before May 15 to amend or to terminate the contract at the close of the contract period; Provided, that the secretary of the board shall, not later than April 15, notify each administrator or teacher in writing of any conditions of unsatisfactory performance or other conditions because of a reduction in staff members or change of leave of absence policies of the board of education which the board considers may be cause to either terminate or amend the contract for the ensuing school year. Any teacher or administrator so notified shall have the right to file within five days of receipt of such notice a written request with the board of education for a hearing before the board. Upon receipt of such request the board shall order the hearing to be held within ten days, and shall give written notice of the time and place of the hearing to the teacher or administrator. At the hearing evidence shall be presented in support of the reasons given for considering termination or amendment of the contract, and the teacher or administrator shall be permitted to produce evidence relating thereto. No member of the board of education may cast a vote in favor of the election of any teacher when such a member of the board is related by blood or marriage to such teacher.

substantive right of continued employment in teachers employed pursuant to its terms. Apparently as a result of the *Schultz* decision, the Nebraska Legislature in 1975 amended § 79–1254 to provide a measure of protection for teachers. The amended version, which became effective on February 26, 1975, reads in pertinent part as follows:

> Except for the first two years of employment under any contract entered into after February 26, 1975, any contract of employment between an administrator or a teacher . . . shall be deemed renewed and shall remain in full force and effect until a majority of the members of the board vote on or before May 15 to amend or to terminate the contract for just cause at the close of the contract period. *The first two years of the contract shall be a probationary period during which it may be terminated without just cause.*

(emphasis added).

The critical issue presented by this litigation is whether amended § 79–1254 granted plaintiff a substantive property interest in continued employment sufficient to trigger the procedural protections of the due process clause. If, as plaintiff contends, the words "any contract" mean "without limitation", *see Klein v. Boehmer*, Civ. No. 75–L–70 (D.Neb., March 12, 1976); *Walter v. Roubal*, Civ. No. 75–L–109 (D.Neb., March 12, 1976), any contract signed prior to February 26, 1975 falls within the general provisions and is therefore deemed renewed unless terminated for just cause. Plaintiff signed her initial contract on August 20, 1973, which is approximately one and one-half years prior to the effective date of the amendment. Having signed her initial contract prior to February 26, 1975, plaintiff is of the view that she is entitled to tenured status under § 79–1254. Defendants, on the other hand, cite portions of the legislative history to support their contention that the two year probationary period is to be applied retroactively to include those, like plaintiff, with less than two years of service.

■■ Our own reading of the amended version of § 79–1254 together with the legislative history does not clearly resolve the dispute concerning plaintiff's status. We cannot say that the contentions of either side are patently unreasonable. Under these circumstances, we think it unwise for this court to address the constitutional issue raised here, for decision on that issue may be rendered unnecessary by resolution of the underlying state law issue by the Nebraska courts.[3] *See Carey v. Sugar*, 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587 (1976) (per curiam); *Railroad Comm'n. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). At oral argument counsel for plaintiff conceded that a construction of § 79–1254 applying the two year probationary period to those, like plaintiff, with less than two years of service prior to the effective date of the amendment would moot her federal constitutional claim.

There is now pending in the Nebraska Supreme Court, *Wang v. Board of Education*, Docket No. 41163, a case involving the same factual situation as is present in the instant case. Counsel has indicated that the teacher in *Wang*, like plaintiff, had less than two years of service as of February 26, 1975, and that the decision of the Nebraska Supreme Court in the case now pending before it will resolve the issue of plaintiff's status under § 79–1254.

For the foregoing reasons, we believe that the case in its present posture is appropriate for invocation of the doctrine of abstention. *See First American Bank & Trust Co. v. Ellwein*, 474 F.2d 933 (8th Cir. 1973) (per curiam). Accordingly, we vacate the judgment of the district court and remand the cause with directions to abstain. The district court shall stay its hand until such time as the decision of the Nebraska Supreme Court in *Wang v. Board of Education, supra*, becomes final. At that time, the district court shall enter an appropriate

---

**3.** Plaintiff's reliance on the civil rights statutes as a basis for federal jurisdiction here does not by itself preclude abstention. *See, e.g., Boehning v. Indiana State Employees Ass'n*, 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975).

judgment in accordance with the opinion of the Nebraska Supreme Court. Additionally, the district court may find it necessary to give further consideration to the question whether plaintiff waived any right to a hearing under § 79–1254.

Costs shall be borne equally by the parties.