**Gary MANDRELL, Plaintiff,**

v.

**Robert BAER, William Young, John Frank, James Mosbacher, Vincent Schoemel and Robert Sheetz, Defendants.**

No. 86–2033C(5).

United States District Court,
E.D. Missouri, E.D.

Jan. 8, 1987.

Rodolfo Riveria, Clayton, Mo., for plaintiff.

Judith A. Ronzio, Kathleen Gormley, Michael E. Hughes, St. Louis, Mo., for defendants.

**ORDER**

LIMBAUGH, District Judge.

This matter is before the Court to consider plaintiff's claim under 42 U.S.C. § 1983 for relief from his suspension from the St. Louis City Police Department due to a pending indictment.

Plaintiff is accused of taking money from a motorist by coercion and has been indicted by a grand jury. The City Police Suspension Advisory Committee originally did not recommend suspension because, it reasoned, the circumstances were such that the likelihood of plaintiff's guilt rested on his word versus that of his alleged victim. When, however, an indictment was issued against plaintiff, the committee reversed its earlier disposition referring to provisions of R.S.Mo. § 84.120 as authority that plaintiff had to be suspended. That statute reads as follows:

84.120 Police force members—qualifications—removal (St. Louis)

No person shall be appointed or employed as policeman, turnkey, or officer of police who shall have been convicted of, or against whom any indictment may be pending, for any offense, the punishment of which may be confinement in the penitentiary; nor shall any person be so appointed who is not of good character, or who is not a citizen of the United States, or who is not able to read and write the English language, or who does not possess ordinary physical strength and courage. The patrolmen and turnkeys hereafter appointed shall serve while they shall faithfully perform their duties and possess mental and physical ability and be subject to removal only for cause after a hearing by the boards, who are hereby invested with the exclusive jurisdiction in the premises.

The crucial language of this section is found in the first sentence, "[n]o person

shall be appointed *or employed* as policeman...." Apparently, this statute has been on the books for decades and for many years the police department has interpreted it to apply only to prospective employees. This interpretation has been revised, however, and the department now regards § 84.120 as extending to current department employees such as the plaintiff.

Plaintiff argues that this interpretation is erroneous and further then, if it is a valid construction, the statute is unconstitutional as violative of the Fourteenth Amendment's requirement of equal protection. The constitutional challenge is based upon plaintiff's assertion that the statute arbitrarily applies to persons indicted by a grand jury while those subject to an information are not affected. Plaintiff requests the Court to declare the police department's interpretation of the state statute as erroneous and as an unlawful deprivation of his rights under 42 U.S.C. § 1983. Alternatively, plaintiff requests the Court to declare R.S.Mo. § 84.120 unconstitutional. Plaintiff also requests reinstatement, back pay, attorney's fees and other relief.

A federal court should be hesitant to engage in needless conflict with the administration by a state of its own affairs. In this case, the relief requested could be available in a Missouri State Court and a state court interpretation could conceivably eliminate the need on the part of this Court to subject the statute in question to constitutional scrutiny.

In *Boehning v. Indiana State Employees Association,* 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975), the Court considered an action for damages and injunctive relief filed by an employee who had been dismissed for cause. The suit was brought under 42 U.S.C. § 1983 and alleged that plaintiff had been deprived of certain pre-termination hearing rights. Whether or not the plaintiff was entitled to such hearing as a matter of state law (apart from due process considerations) depended upon construction of the Indiana Administrative Adjudication Act. The Indiana state courts had not examined the issue and thus there was no state court interpretation for the federal court to follow examining the statute. If the state law were read to deny a pretermination hearing, the plaintiff in that case would clearly have had a reasonable due process argument. The language of the statute, however, was such that there was a plausible chance that a state court would construe the statute to require a pretermination hearing in which case the statute would not be subject to constitutional analysis. With this in mind, the district court abstained from ruling on the case until construction of the state statute was sought in a state court. The Seventh Circuit Court of Appeals reversed, but was itself reversed by an 8–1 majority of the Supreme Court. The Court held that the district court was right to abstain from deciding the federal constitutional issue pending resolution of the state law question in the state courts. Citing *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 499, 61 S.Ct. 643, 644, 85 L.Ed. 971 (1941).

In this case, no state court has had the opportunity to interpret the "appointed or employed" language of § 84.120. Examination of the language of that statute reveals that fair minds could differ as to the statute's proper interpretation.

On the one hand, it would be reasonable to assume that the legislature did not intend a tautology when it used "appointed *or* employed." The word "employed", however, is susceptible to varying interpretations. To be "employed" can refer to the initial act of being hired or appointed or it can refer to an ongoing state of employment. Depending on the definition one follows, plaintiff could fall either inside or outside of the parameters of the statute. Further, the second portion of the first sentence (following the "appointed" or "employed" language) refers back to the beginning of the sentence and reads "nor shall any person be *so appointed* who is not of good character...." In addition, the second half of the statute itself deals with removal of currently employed police officers specifically. While defendant is correct that there is a strong social policy in favor of suspending indicted police officers, (and those charged on an information), the existence of such a policy is not

170

dispositive for purposes of interpreting this statute. In addition, it is likely that plaintiff's construction of the statute would not preclude an administrative review panel such as the City Police Suspension Advisory Committee from suspending an indicted or charged officer pursuant to its own authority.

If a state court adopted this interpretation, the statute would not apply to plaintiff and a Constitutional examination would be avoided, just as the Supreme Court in *Boehning* and *Pullman* envisioned. This Court believes that plaintiff's challenge to the department's interpretation of R.S.Mo. § 84.120 should be made in a court of the State of Missouri rather than in a United States District Court as an initial matter. Certainly, this Court will not engage in a constitutional analysis of the state statute until state authorities have had a chance to examine § 84.120.

Accordingly,

**IT IS HEREBY ORDERED** that this Court shall abstain from considering this cause until plaintiff has sought and received a definitive interpretation of the state statute in question from the appropriate state court(s).