613 F.2d 138
 Nicholas KASAP, Individually and on behalf of all other
persons similarly situated, Plaintiffs-Appellants,
v.
Timothy B. MORITZ, M.D., Director of the Ohio Department of
Mental Health and Mental Retardation; Paul R. McAvoy,
D.S.W., Acting Commissioner of the Division of Mental
Health; Lawrence P. Benson, Superintendent of the Toledo
Mental Health Center; Honorable Robert L. Gilson, Acting
Probate Judge for Lucas County, Ohio, Individually and in
their official capacities, Defendants-Appellees.
 No. 77-3582.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 13, 1977.
Decided Jan. 2, 1980.
 
 Robin M. Kennedy, Mental Health Law Clinic, Peter H. Barber, Toledo, Ohio, for plaintiffs-appellants.
 William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, for Moritz, McAvoy and Benson.
 Richard David Drake, Anthony G. Pizza, Pros. Atty., Lucas County, Ohio, Toledo, Ohio, for Gilson.
 Before EDWARDS, Chief Judge, and KEITH and BROWN, Circuit Judges.
 
 ORDER
 
 1
 Appellant, Kasap, filed a class action under 42 U.S.C. § 1983 in the District Court for the Northern District of Ohio, Western Division, challenging Chapter 5122 of the Ohio Revised Code Ann., which is the statute that prescribes the procedures for the involuntary commitment of persons to mental institutions. Kasap alleged that he was involuntarily committed pursuant to the statute on January 1, 1977, an emergency commitment section, and was not afforded a hearing of any kind until January 19, 1977, after which he was committed for a period not to exceed 90 days by the Probate Court. He was represented by appointed counsel at the commitment hearing, and alleges that his counsel did not advise him of the constitutional defects in this statute or to his right to appeal. No appeal was taken to the judgment of the Probate Court committing him for the period not to exceed 90 days.
 
 
 2
 After the appeal period had run and after he had been discharged, Kasap filed the instant action attacking the constitutionality of the statute. He contends that it denies due process and is therefore unconstitutional in allowing an involuntary commitment for a period up to 45 days without a probable cause or full hearing, in not providing for a jury trial, in not requiring proof of mental illness beyond a reasonable doubt, in containing an unconstitutionally vague and overbroad definition of mental illness, and in not providing for adequate notice of, Inter alia, the acts that will be the basis of hospitalization, names of witnesses, right to counsel, and right to remain silent.
 
 
 3
 Judge Walinski, invoking the Pullman doctrine, (Railroad Commission of Texas v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)), abstained, stating in his full and well-reasoned opinion that abstention was proper in order to give Ohio courts an opportunity to construe the statute in the respects in which it is attacked in this proceeding. Since the trial court decided to abstain, it did not resolve appellees' other contention that it should do so under the Younger doctrine (Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).
 
 
 4
 We note that, subsequent to Judge Walinski's decision, the Supreme Court has specifically held that proof of mental illness by clear and convincing evidence (as is required by this Ohio statute) meets the requirements of due process. Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).
 
 
 5
 Upon consideration, we conclude that the district court was correct in its decision that abstention was proper under the circumstances presented here. Accordingly, it is Ordered that the judgment below be and it is hereby
 
 
 6
 AFFIRMED.