**Dr. Joseph Murray HAYSE,
Plaintiff–Appellant,**

v.

**Charles T. WETHINGTON, Jr., et al., Defendants–Appellees.**

**No. 96–5005.**

United States Court of Appeals,
Sixth Circuit.

Argued March 17, 1997.

Decided April 7, 1997.

Before: MERRITT and BOGGS, Circuit Judges; BECKWITH, District Judge.*

MERRITT, Circuit Judge.

## SUMMARY

This case involves a § 1983 claim brought by Dr. Joseph Murray Hayse, a former professor of English at the University of Kentucky at Lexington, against thirty-two defendants, who are University administrators and members of the University's Board of Trustees. Hayse asserts that the defendants violated his First and Fourteenth Amendment rights in their reconsideration of his application for tenure and promotion to the rank of Associate Professor. The issue before the Court is whether the District Court properly invoked the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), by refusing to consider Hayse's complaint in light of a 1992 Kentucky state court injunction.

### I.

Hayse applied for tenure at the University during the academic years of 1976–1977 and 1977–1978. The University denied both applications. Hayse filed suit in Kentucky state court, claiming that the University's consideration of his applications violated his First Amendment right to freedom of association and his Fourteenth Amendment rights to due process and equal protection. Ultimately, after a jury trial, a judgment notwithstanding the verdict, and an opinion of the Kentucky Supreme Court (*Board of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989)), the Franklin Circuit Court fashioned a nine-page injunctive order, requiring the University officials to reconsider, *ab initio*, Hayse's tenure application, and setting out the criteria to be used in detail. *See* Injunction (J.A. at 86).

Upon reconsideration, the University once again denied Hayse's application. Hayse then brought the instant § 1983 case, this time in federal court, claiming that the defen-

William C. Jacobs (argued and briefed), Lexington, KY, for Plaintiff-Appellant.

Stephen L. Barker, Douglas L. McSwain (argued and briefed), Sturgill, Turner & Truitt, Lexington, KY, for Defendants-Appellees.

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

dants failed to comply with the neutral and objective criteria set out in the state injunction and refused to grant him tenure in retaliation for the state court suit. He asserts that the defendants' actions, impelled by retaliatory motives, violated his right under the First Amendment "to petition the government for a redress of grievances." District Judge Karl Forester dismissed the action as barred under the doctrine of abstention initially articulated in *Younger* and later expanded in Supreme Court and Sixth Circuit cases. We review the district court's decision to abstain *de novo*. *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995).

## II.

We agree with Judge Forester's disposition of the case. The Kentucky state courts litigated the controversy between plaintiff and the University for more than twelve years from 1979 to 1992. The litigation culminated in the Kentucky Supreme Court opinion mentioned above and the 1992 comprehensive injunctive order. The plaintiff now seeks to adjudicate the question of whether the defendants properly carried into effect and complied with the state court order.

Under the *Younger* abstention doctrine, when the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts, federal courts should abstain from hearing cases that could require them to enjoin pending state proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987); *Mann v. Conlin*, 22 F.3d 100 (6th Cir.1994). This Court has noted that *Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Mann*, 22 F.3d at 105.

### 1. *Pending state proceedings.*

 It seems elementary that *Younger* abstention applies to federal claims which seek to review compliance with pending state court injunctive orders over which the state has retained jurisdiction. *See Louisville Area Inter-Faith Comm. for United Farm Workers v. Nottingham Liquors, Ltd.*, 542 F.2d 652, 654–55 (6th Cir.1976) (applying "doctrine of equitable restraint" arising out of *Younger* and *Huffman v. Pursue*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), to decline to interfere with state court injunction restraining plaintiffs from picketing activities); *Port Auth. Police Benevolent Assoc. v. Port Auth.*, 973 F.2d 169, 173–76 (3d Cir. 1992) (applying *Younger* doctrine to abstain from review of state court injunction prohibiting nonprofit organization from soliciting certain contributions). The Supreme Court's decision in *Huffman v. Pursue*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), supports this proposition. In *Huffman*, like the instant case, the Court addressed a contention "not that the state proceeding had not begun, but that it had ended by the time its District Court complaint was filed," *id.* at 607, 95 S.Ct. at 1210, and concluded that the case was "pending" under the first prong of *Younger*, *id.* at 608, 95 S.Ct. at 1210. It is true that *Huffman* involved the slightly different question of whether a state court case was still "pending" under *Younger* when the state trial court had ruled but the case had not been appealed to state appellate courts. But the Court's rationale applies equally here. The *Huffman* Court noted that

> [v]irtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial. Intervention at the later stage is if anything more highly duplicative, since an entire trial has already taken place, and it is also a direct aspersion on the capabilities and good faith of state appellate courts.

*Id.* at 608, 95 S.Ct. at 1210. The Court also reasoned that if federal courts are to extend comity to state court decisions of federal constitutional questions, it makes sense to wait for the resolution in the state appellate court, because an appellate court is particularly suited to hearing constitutional questions. *Id.* at 609, 95 S.Ct. at

1210–11. Though the instant case concerns the extent to which a continuing injunction rather than a case on appeal is "pending," the same reasoning applies. The state court that entered the injunction is particularly well suited to determining this issue, having fashioned the initial injunction. This is especially true where the supposedly new harm (the right of access claim) is intertwined with the initial injunction. *Cf. United States v. Owens,* 54 F.3d 271, 274 (6th Cir.1995) (explaining and applying the *Rooker–Feldman* doctrine). The Kentucky court retains jurisdiction over proceedings seeking further compliance with its order, including questions about whether defendants were motivated by spite and the desire for retaliation. The Kentucky court's injunctive order remains outstanding, and that court has a substantial interest in seeing that the criteria for evaluation set out in the order are followed.

It is important to note that this holding does not bar a new claim that is *not* inextricably tied up with the remedy fashioned in a continuing state court injunction. In such a case, while the injunction could still be considered "pending," the other *Younger* abstention doctrine requirements would not be satisfied. First, the doctrine would not even come into play because there would be no danger of the federal court enjoining the enforcement of the state proceeding. Second, it is likely that there would be no important state interest because the state injunction would not be affected by the federal remedy.

Nor does this determination narrow the Supreme Court's holding in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that one seeking a remedy under § 1983 does not have to exhaust state remedies by filing in state court before federal court. *Id.* at 183, 81 S.Ct. at 481–82. Our application of the *Younger* doctrine does not require exhaustion in this sense. It simply requires plaintiffs to "exhaust" state proceedings that they have already brought—that is, "pending" proceedings.

### 2. ˙ *Important state interests.*

The plaintiff has not challenged the district court's conclusion that this case implicates an important state interest, namely the state's "vital interest in ascertaining that a state court judgment or injunction is enforced." Opinion and Order at 10 (J.A. at 38) (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11–13, 107 S.Ct. 1519, 1526–27, 95 L.Ed.2d 1 (1987)). Thus, this prong of the *Younger* doctrine is satisfied.

### 3. *Adequate opportunity to raise constitutional challenges.*

■ Incorporated in our analysis of the *Younger* doctrine's first prong is the fact that Hayse can bring his First Amendment right of access claim before the state court that fashioned the initial injunction. If the defendants have responded to the injunctive order by retaliating against plaintiff, the defendants have placed themselves in contempt. The court has continuing jurisdiction over its injunction. Hayse clearly has an adequate opportunity to raise this claim, which can be enforced through the court's contempt powers or through modification or clarification of the order. Indeed, Hayse characterizes the state litigation as a victory: The state court has a clear interest in protecting the letter as well as the spirit of its injunctions. Though Hayse claims that as a practical matter he has no real opportunity to obtain a remedy for his new claim because the Kentucky Supreme Court only provided for reconsideration of his application, rather than reinstatement, we are not persuaded that the Kentucky courts would not now act to correct and remedy the wrong, if one is proved. The fact that the defendants were only ordered to reconsider plaintiff's application under certain criteria does not mean that the Kentucky courts will again simply order another review by the defendants. We have no reason to believe that the Kentucky courts will not fairly review the adequacy of defendants' response to the injunction under both state and federal law.

The expansion of both state and federal law during the past half century by state and federal statutes and court decisions has made necessary new doctrines for allocating judicial power to hear state and federal claims arising from a common core of facts. *Youn-*

22

*ger* is an important doctrine created for this purpose. But for the *Younger* principle of comity, zealous lawyers could litigate such claims in both court systems endlessly. This would lead to intolerable conflicts between the orders of state and federal courts growing out of one set of legal events. That conflict could well occur in this case if state and federal courts should disagree on the propriety of defendants' response. One court might order plaintiff's reinstatement while the other orders that he should not be reinstated. The *Younger* doctrine must be applied here to avoid that result.

For the reasons set forth above, all three prongs of the *Younger* abstention doctrine as applied to civil cases are present in this case. Under our system of judicial federalism and comity between state and federal courts, it would be inappropriate for us to interfere with proceedings in the state court respecting compliance with the state court order. The nature of the defendants' compliance with the injunction forms the heart of the case before us. We cannot adjudicate plaintiff's claim without interpreting and enforcing the state court injunction and without deciding whether the defendants have properly complied with the state court order. Accordingly, the district court's decision to abstain from hearing this case is AFFIRMED.