Juli BROWN, Sean King, Robert Burris, Martin Miles, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

Gwen TIDWELL, Chris Turner, Lillian Bean, David E. Torrence, in their official capacity as clerks of court and all other similarly situated clerks of court, Defendants–Appellees.

No. 97–6345.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 30, 1998.

Decided Feb. 17, 1999.

Steven Oberman (briefed), Daniel & Oberman, Arthur J. Andrews (argued and briefed), Andrews & Hudson, Knoxville, TN, for Plaintiffs–Appellants.

David W. Norton, Office of County Attorney, Chattanooga, TN, for Defendant–Appellee Gwen Tidwell.

Danny A. Presley (argued and briefed), Kathleen O. Spruill (briefed), Memphis, TN, for Defendant–Appellee Chris Turner.

John E. Owings (argued and briefed), Knox County Law Director's Office, Knoxville, TN, for Defendant–Appellee Lillian Bean.

Paul D. Krivacka (argued and briefed), Metropolitan Legal Department, John L. Kennedy, Metropolitan Department of Law, Nashville, TN, for Defendant–Appellee David E. Torrence.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

PER CURIAM.

The plaintiffs appeal the dismissal of their Section 1983 action challenging the collection of jail fees by Tennessee court clerks. For the reasons discussed below, we affirm.

## I. BACKGROUND

The plaintiffs, convicted of Driving Under the Influence ("DUI") in violation of TENN. CODE ANN. § 55–10–401, filed an action under 42 U.S.C. § 1983 challenging the collection of jail fees by Tennessee court clerks. The court clerks (or some court clerks) collect the fees pursuant to TENN. CODE ANN. § 8–26–105, which gives county governing bodies "the authority to pass a resolution fixing the amount of jailers' fees which may be applied to misdemeanant prisoners." The plaintiffs argue that TENN. CODE ANN. § 55–10–403 regulates the manner in which the costs of incarcerating DUI offenders are paid. Section 55–10–403(a)(2) provides:

A portion of any fine imposed upon a person for a violation of this section, up to the maximum fine actually imposed, shall be returned to the sheriff of a county jail or to the chief administrative officer of a city jail for the purpose of reimbursing such sheriff or officer for the cost of incarcerating such person for each night such person is actu-

ally in custody for a violation of this section. Such reimbursement shall be in the same amount as is provided by § 8–26–105, and shall not in any event be less than the actual cost of maintaining such person and shall be reimbursed in the manner provided by § 8–26–106.

The plaintiffs argue that the levy of a separate jail fee (unless the jail fee exceeds the amount of the court-imposed fine) constitutes a deprivation of property without due process of law, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. They cite the "plain language" of § 55–10–403 and a 1996 opinion by the Tennessee Attorney General's Office, Opinion No. U96–071 (Nov. 26, 1996), concluding that the jail fee must be paid from the fine.

The plaintiffs moved for class certification. They sought injunctive relief, recovery of the excess amount collected for fines and jail fees, attorneys' fees, and interest. They later moved to amend their complaint to allege violations of TENN. CODE ANN. § 8–21–101, prohibiting any officer from demanding or receiving fees or other compensation "for any service further than is expressly provided by law." They sought recovery pursuant to TENN. CODE ANN. § 8–21–103 "in the amount of $50.00 for each instance in which jail fees were collected from the plaintiffs and all others similarly situated without first having the jail fees reduced by the fine imposed, up to and including the full amount of the fine."

The district court granted the defendants' motions to dismiss, "not for the reasons set out in those motions, but because the *Younger*[1] abstention doctrine requires that this Court abstain from addressing the plaintiffs' complaint for declaratory and injunctive relief." The court also held that the plaintiffs' claims for damages, which are not subject to *Younger* abstention, are not cognizable under § 1983 "[b]ecause the plaintiffs have not shown that their state court judgments for fines and costs have been invalidated."

1. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

## II. DISCUSSION

We review a district court's decision to abstain de novo. Hayse v. Wethington, 110 F.3d 18, 20 (6th Cir.1997). We also review a dismissal for failure to state a claim de novo. Valassis Communications, Inc. v. Aetna Cas. & Sur. Co., 97 F.3d 870, 873 (6th Cir.1996).

·The plaintiffs ask first that we interpret the two Tennessee statutes as making the fee collection practice illegal, and then that we declare the "illegal" practice an unconstitutional deprivation of property. Their claims thus rest ultimately on interpretation of the statutes.

TENN. CODE ANN. § 8–26–105 gives local governments authority to collect jail fees from misdemeanant prisoners. Plaintiffs do not claim that this statute, or the practice of collecting jail fees per se, is unconstitutional. They claim only that the Tennessee legislature intended TENN. CODE ANN. § 55–10–403 to override § 8–26–105 with regard to convicted drunk drivers, and to mandate that court clerks collect drunk-driving jail fees from the court-imposed fine.

The Tennessee Attorney General opinion cited above agrees with the plaintiffs' statutory interpretation. However, an unpublished disposition of the Tennessee Court of Appeals, Knox County v. City of Knoxville, No. CA 759, 1988 WL 116456 (Tenn.App. Nov. 2, 1988), construed the two statutes and found that a DUI offender could be required to pay both the jailer's fee and the DUI fine.

Whether the clerks' fee collection practice is "illegal" is thus an unsettled question of state law. As the plaintiffs have framed their action, an authoritative decision of the Tennessee courts about the practice would moot the plaintiffs' constitutional claim.

"[W]here uncertain questions of state law must be resolved before a federal constitutional question can be decided, federal courts should abstain until a state court has addressed the state questions." Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 508, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985) (O'Connor, J., concurring) (citing Railroad Comm'n v. Pullman Co., 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 236–37, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)). This doctrine of abstention, known as the Pullman doctrine, "acknowledges that federal courts should avoid the unnecessary resolution of federal constitutional issues and that state courts provide the authoritative adjudication of questions of state law." Brockett, 472 U.S. at 508, 105 S.Ct. 2794.

Pullman abstention is especially appropriate here. Though an authoritative statutory interpretation by Tennessee courts would settle this case, the plaintiffs have sought no relief in the Tennessee courts.

Plaintiffs' counsel suggested at oral argument that Pullman abstention is inappropriate in a Section 1983 action. The doctrine has been applied regularly in such actions, however. See, e.g., Boehning v. Indiana State Employees Ass'n, 423 U.S. 6, 7–8, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975); Gottfried v. Medical Planning Servs., Inc., 142 F.3d 326, 330–31 (6th Cir.1998); Wicker v. Board of Educ., 826 F.2d 442, 444–45 (6th Cir.1987); Kasap v. Moritz, 613 F.2d 138, 138–39 (6th Cir.1980). Counsel's citation of Heck v. Humphrey, 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which noted that exhaustion of state remedies is generally not a prerequisite to a 1983 action, is beside the point. Plaintiffs are not being asked to exhaust state remedies; instead, they are being directed to Tennessee courts for interpretation of Tennessee statutes.

The district court cited Younger in dismissing the suit. This court can affirm a decision of the district court on any grounds supported by the record, even if different from those relied on by the district court. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). Pullman abstention is clearly applicable here. Younger abstention is more problematic, and would in any event apply only to the claims for injunctive relief.

We therefore affirm on Pullman grounds. In the ordinary Pullman case, the district court would retain jurisdiction pending an authoritative interpretation of the Tennessee statutes. See, e.g., Gottfried, 142

F.3d at 332–33. Here, however, no authoritative determination could possibly leave grounds for further action by the district court. A decision adverse to the plaintiffs' state law claims would moot their federal constitutional claim, as they do not argue that requiring prisoners to pay jail fines is a constitutional violation per se. If the Tennessee Supreme Court ruled in favor of the plaintiffs, on the other hand, it would presumably order appropriate relief; if not, the only possible federal review would be by a petition to the United States Supreme Court for a writ of certiorari. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.,* 801 F.2d 186, 189 (6th Cir.1986).

AFFIRMED.