Donna COCKREL, Plaintiff,

v.

**SHELBY COUNTY SCHOOL DISTRICT, et al.,**
**Defendant.**

No. 98–40.

United States District Court,
E.D. Kentucky,
Frankfort.

Jan. 28, 2000.

Eugene F. Mooney, James M. Mooney, Mooney, Mooney & Mooney, Lexington, KY, for Donna Cockrel, plaintiff.

John Cato Fogle, III, Robert L. Chenoweth, Chenoweth Law Office, Frankfort, KY, for Shelby County School District, Leon Mooneyhan, Bruce Slate, defendants.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on Defendants' motion for abstention, or in the alternative for summary judgment [Record No. 28]. Plaintiff has failed to respond. This matter is now ripe for decision. The Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff is a former elementary school teacher with the Shelby County school sys-

tem. She alleges that upon exercising her constitutional right to free speech, the defendants retaliated against her by unlawfully terminating her employment in violation of 42 U.S.C. § 1983 and in breach of her contract. Plaintiff's complaint seeks compensatory and punitive damages as well as an injunction requiring the defendants to expunge records and take other corrective action to remove all adverse references regarding Plaintiff's discharge and suspension from same.

On May 30, 1996, Plaintiff presented to her fifth grade class a segment on industrial hemp. Included in said presentation was a visit by actor Woody Harrelson and several industrial hemp farmers. This event drew attention from numerous local and national news organizations, some of which repeatedly broadcasted coverage of the presentation and the controversy surrounding same. Plaintiff alleges that the defendants retaliated against her by using this presentation and its controversy to fabricate grounds for her termination.[1]

To the contrary, the defendants state that Plaintiff was terminated on the grounds of insubordination, conduct unbecoming a teacher, inefficiency, incompetency, and neglect of duty. Defendants' statement of the case in its memorandum supporting the motion at bar, specifically points to seventeen instances upon which her termination was based.

As a tenured teacher, Plaintiff was entitled to request a hearing on her termination grounds. Plaintiff requested said hearing, but withdrew this request prior to its scheduled date. As a result of the withdrawal, her termination became final as of July 15, 1997.

Prior to the scheduled hearing and consistent with the then-operative provisions of K.R.S. 156.101, Plaintiff received a summative evaluation report prepared by Principal Bruce Slate. Said report indicated that Plaintiff did not meet the school dis-

---

1. Harrelson visited Plaintiff's classroom twice; once on May 30, 1996, and again on January 29, 1997. It is the May 30, 1996 presentation which Plaintiff claims was the basis for her termination.

trict's standards in several areas. A local evaluations appeals panel affirmed same. It was in part on this report and the affirmance by the local evaluations appeals panel that Superintendent Leon Mooneyhan terminated Plaintiff's employment.

On October 22, 1997, Plaintiff challenged Principal Slate's summative evaluation report to the state evaluation appeals panel. Said panel denied this appeal as untimely, as regulations require an appeal of the local evaluation appeals panel to be filed within thirty days of a decision by same.[2]

Plaintiff filed a complaint in Shelby County Circuit Court on April 13, 1998 against the Shelby County Board of Education and Superintendent Mooneyhan. This state court complaint alleged a failure by same to comply with due process during Plaintiff's appeal and evaluation process. Among Plaintiff's requested relief in said complaint, was that her performance evaluation for the 1996–97 school year be declared null and void and removed from her personnel file. She further requested that any decision relying upon said evaluation also be declared void. Plaintiff chose to pursue her First Amendment claims in a federal forum, and filed this instant action on June 4, 1998.

Kentucky law required Superintendent Mooneyhan to report Plaintiff's charges in support of termination to the Kentucky Education Professional Standards Board so that it may take any necessary action regarding Plaintiff's teaching certificate. On March 11, 1999 Plaintiff surrendered her teaching certificate pursuant to an agreed order with said board, with the surrender retroactively commencing June 30, 1997 through June 30, 1999. Said agreed order also included a suspension of her certificate from July 1, 1999 to June 30, 2001.

## CONCLUSIONS OF LAW

### I. Motion for Abstention

■ It has long been held that the *Younger v. Harris*, 401 U.S. 37, 91 S.Ct.

746, 27 L.Ed.2d 669 (1971), abstention doctrine in which a federal court refrains from exercising its jurisdiction, is "the exception, not the rule." *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Abstention is appropriate only when all of the following elements are satisfied: (1) there is a pending state proceeding; (2) an important state interest exits; and (3) there is an adequate opportunity to raise constitutional challenges in the state court. *See Younger*, 401 U.S. at 43–54, 91 S.Ct. 746; *see also Hayse v. Wethington*, 110 F.3d 18, 20–22 (6th Cir.1997).

■ The defendants argue that Plaintiff's pending state court proceeding which involves several important and novel state law issues yet to be addressed by Kentucky's appellate courts, is sufficient grounds upon which to invoke the abstention doctrine. The Court agrees that the Shelby Circuit Court will undertake some novel issues regarding Plaintiff's due process violation claims.

Plaintiff's complaint contains basically two causes of action. The cause set forth under the First Amendment is purely federal in nature, while Plaintiff's breach of contract claim is grounded in both state and federal law. The Court agrees that the abstention doctrine should be applied to Plaintiff's breach of contract claim for reasons of comity as a "vital consideration exists" in the Shelby Circuit Court's "sovereign ability to ... determine its own law." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir.1998). However, the Court reasons that Plaintiff's state court claims are not "inextricably tied up" with her First Amendment cause pending in this Court. *Hayse*, 110 F.3d at 21. Therefore, this Court's resolution of Plaintiff's First Amendment claim will not "constitute undue federal interference in state judicial or quasi-judicial proceedings." *Carroll*, 139 F.3d at 1077.

---

**2.** The local evaluation appeals panel rendered its decision on April 29, 1997.

Furthermore, while Plaintiff may have requested similar relief in both her state and federal cases, the First Amendment claim is quite distinguishable. Unlike the causes before the Shelby County Circuit Court, this Court's resolution of Plaintiff's First Amendment claim will not require the Court to delve into Kentucky law. Instead, this Court will focus only on the issue of free speech under the United States Constitution, and the application of same to the conduct of the plaintiff. Hence, an exercise of federal jurisdiction on this single claim would not "disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Neither would a decision by this Court be deemed merely advisory, thus rendering "the litigation underlying it meaningless." *Id.*

Therefore, the Court grants in part and denies in part Defendants' motion for abstention in accordance with the reasoning set forth above. With this issue resolved, it is proper for the Court to review the merits of Defendants' arguments for summary judgment.

## II. Motion for summary judgment

### A. Applicable Standard

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party "cannot rest on [its] pleadings," and must show the Court that "there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir.1997).

### B. Immunity issues

■ The defendants have asserted grounds upon which they are entitled to immunity from Plaintiff's claims. This Court, has held that Kentucky defendants in this type of action are not entitled to Eleventh Amendment immunity. *See Blackburn v. Floyd County Bd. of Educ.*, 749 F.Supp. 159, 163 (E.D.Ky.1990). Sister courts have reached similar conclusions. *See e.g. Doe v. Knox County Bd. of Educ.*, 918 F.Supp. 181 (E.D.Ky.1996); *Tolliver v. Harlan County Bd. of Educ.*, 887 F.Supp. 144 (E.D.Ky.1995). In light of *Blackburn*, Defendants' arguments for Eleventh Amendment immunity deserve no extended treatment. There is also the issue of whether Defendants Mooneyhan and Slate in their individual capacities are entitled to qualified immunity. The Court need not address this issue for the reasons set forth below.

### C. Plaintiff's First Amendment Claim

■ In order to establish a prima facie case for a violation of her constitutional right to free speech, Plaintiff must show that (1) her "conduct was constitutionally protected," and (2) that said conduct was the "substantial", i.e. "motivating factor" in the defendants' decision to terminate her employment. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Should Plaintiff successfully establish the aforementioned elements, the burden shifts to the defendants to demonstrate by a preponderance of the evidence that it would have terminated Plaintiff despite the exercise of her constitutionally protected speech. *See id.*

■ The circumstances at bar require the Court to determine if the selection of industrial hemp as part of her fifth grade curriculum constitutes an exercise of Plaintiff's First Amendment rights. In determining whether same is First Amendment speech, and therefore constitutionally protected, the Court must take into consider-

ation the "nature of [Plaintiff's] activity, combined with the factual context and environment in which it was undertaken...." *Spence v. Washington,* 418 U.S. 405, 409–10, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974).

Plaintiff's complaint does not allege that she vocally expressed her opinions and ideas on the use of industrial hemp. Her free speech claim is based solely on conduct. The Supreme Court in *U.S. v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) held that not every form of conduct is considered speech. Rather, "conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *Id.* at 376, 88 S.Ct. 1673. The Sixth Circuit and neighboring sister circuits have provided this Court with a comprehensive analytic framework in which to evaluate what can be termed "academic expression" by a teacher.

*Fowler v. Bd. of Educ. of Lincoln County, Ky.,* 819 F.2d 657 (6th Cir.1987), involved a school board's termination of employment with a high school teacher after she showed the "R" rated movie, *Pink Floyd—The Wall,* to her students on the last day of school. Fowler was a tenured teacher who had been with the Lincoln County School System for fourteen years. She argued that her decision to show this movie to her classes was constitutionally protected by the First Amendment, and that her termination was in violation of her rights.

The *Fowler* Court noted that while neither " 'students nor teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate,' " *Id.* at 661 (quoting *Tinker v. Des Moines Indep. Community Sch. District,* 393 U.S. 503, 506, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969)), Fowler's "conduct in having shown the movie cannot be considered expressive or communicative, under the circumstances presented...." *Fowler,* 819 F.2d at 664. Thus, Fowler's conduct was not constitutionally protected as her actions failed to

fall under the rubric of First Amendment free speech.

The Fifth Circuit's view on academic freedom is manifested in *Kirkland v. Northside Indep. Sch. Dist.,* 890 F.2d 794 (5th Cir.1989), in which a high school teacher's probationary employment contract was not renewed as an alleged consequence of, among other actions, his use of a "nonapproved reading list in his world history class...." *Id.* at 795. The *Kirkland* decision was based on the conclusion that the teacher's selection of a "world history reading list does not present a matter of public concern", and that the facts presented "nothing more than an ordinary employment dispute." *Id.* at 802.

Said conclusion was grounded in the fact that when the nature of one's speech is purely private, an employee has no First Amendment protection of said speech. *See Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). According to the appellate court, Kirkland's reading list did not rise to a level of public concern, which is required to attain the status of First Amendment speech. *See id.* at 799. The *Kirkland* Court concluded that it takes more than the "speaker's interest in the subject matter" to create public concern. *Id.* at 798. Instead, the speech communicated by a teacher must be conveyed "in his *role as a citizen* and not in his *role as an employee* of the school district." *Id.* at 799 (emphasis in original). Said reasoning tracks the Supreme Court's discussion in *Connick* that the topic of an employee's speech does not become a matter of public concern just "because its subject matter could, in different circumstances, have been the topic of communication to the public that might be of general interest." *Connick,* 461 U.S. at 148 n. 8, 103 S.Ct. 1684.

Recently, the Fourth Circuit declined to extend First Amendment protection to a high school teacher's selection of the play, *Independence,* to be produced by her advanced drama class. *See Boring v. Bun-*

*combe County Bd. of Educ.*, 136 F.3d 364 (4th Cir.), *cert. denied*, 525 U.S. 813, 119 S.Ct. 47, 142 L.Ed.2d 36 (1998). It was Boring's contention that she was punished by being transferred to another school for her selection and production of the aforementioned play, and that such a transfer violated her First Amendment rights. *See id.* at 369. The *Boring* Court held otherwise, stating that as a teacher, she had "no First Amendment right to insist on the makeup of the curriculum ... [and] that the school administration [had] a legitimate pedagogical interest" in the performances by the advanced drama class. *Id.* at 370.

The appellate court concluded that the battle over *Independence* was "nothing more than an ordinary employment dispute," and that it did "not constitute protected speech and has no First Amendment protection." *Id.* at 369. The *Boring* Court relied on the reasoning in *Kirkland*, and determined the drama teacher's case to be indistinguishable from that of the history teacher's in the Fifth Circuit case. *See id.*

A review of the facts of Plaintiff's case leads the Court to conclude that Plaintiff's selection of industrial hemp and the presentation of same as part of her curriculum is much like the actions of the plaintiffs in *Fowler*, *Kirkland*, and *Boring*. She does not allege that she either supports or abhors the notion of industrial hemp. Plaintiff merely claims that she presented her class with some information on same. This type of conduct does not constitute free speech as set forth by the Supreme Court.

Plaintiff's conduct was not conveyed in a manner to send a "particularized message" as set forth in *Spence*.[3] *Spence*, 405 U.S. at 411, 92 S.Ct. 1085. Nor was the likelihood great that any intended message

would be understood by the ten and eleven year olds that viewed it. *See id.*

Plaintiff's presentation on industrial hemp is not a form of speech that is protected by the First Amendment. Her conduct cannot be considered expressive or communicative under the circumstances alleged in her complaint, and her First Amendment rights are not even implicated. Therefore, this judicial inquiry comes to an end, and the question of whether Plaintiff's speech was a substantial motivating factor in her termination need not even be addressed by this Court.

The holdings by the Court do not reflect its opinion of the propriety of Plaintiff's actions. The Court notes that the issue of industrial hemp is politically charged and of great concern to certain citizens. Rather, federal law requires the Court to focus on Plaintiff's conduct and whether it deserves being classified as an expression protected by the First Amendment. For the reasons set forth in this Memorandum Opinion and Order, Plaintiff's conduct is not free speech. The fact that at some point during or after the presentation Plaintiff may have developed an approval or disapproval of the use of industrial hemp, does not, standing alone, provide a sufficient basis for the conclusion that her conduct was a "form of expression entitled to protection under the First Amendment." *Fowler*, 819 F.2d at 663. Plaintiff is unable to establish a prima facie case, and there is no genuine issue of fact to preclude a grant of summary judgment to the defendants.

### III. Conclusion

As previously stated in this Memorandum Opinion and Order, the Court abstains from rendering a decision on Plaintiff's breach of contract claim based on *Younger v. Harris*, 401 U.S. 37, 91 S.Ct.

---

**3.** *Spence* involved the criminal prosecution of an individual who displayed an American flag with a peace symbol attached to same in protest against the invasion of Cambodia and the Kent State University shootings, both

which occurred several days prior to his arrest. *Spence*, 418 U.S. at 408, 94 S.Ct. 2727. It was Spence's intent to demonstrate that America stood for peace. *See id.*

746, 27 L.Ed.2d 669 (1941). Plaintiff's remaining First Amendment claim must fail as her selection of industrial hemp as part of her classroom curriculum is not a form of protected speech. All causes being resolved, this action is hereby dismissed.

Accordingly,

**IT IS ORDERED:**

(1) That Defendants' motion for abstention be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART** in accordance with this Memorandum Opinion and Order;

(2) That Defendants' motion in the alternative for summary judgment be, and the same hereby is, **GRANTED.**