**Howard A. MONIZ, Jr., Plaintiff–Appellant,**

v.

**Judge Joseph A. COSTELLO, Jr., Defendant–Appellee.**

**No. 01–2704.**

United States Court of Appeals, Sixth Circuit.

July 26, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

Howard A. Moniz, Jr., a pro se Michigan prisoner, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. §§ 1983 and 1985(3). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Moniz sued a Circuit Court Judge for Monroe County, Michigan, in his official

capacity. Moniz alleged that Judge Costello personally, both inside and outside the courtroom, denied and conspired to deny him constitutional protections and fair proceedings in relation to a criminal and two civil actions Moniz had pending before Judge Costello. Moniz further alleged that Judge Costello made racist comments which reflected negatively upon Moniz's Hispanic heritage.

After analyzing Moniz's complaint in light of the three factors identified by this court, the district court concluded it must abstain from enjoining the pending state court proceedings pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court dismissed the complaint without prejudice in an opinion and order entered on September 27, 2001. A separate judgment was entered the same day. Moniz's motion for reconsideration was denied by the district court on November 9, 2001.

On appeal, Moniz argues that: (1) he has sufficiently exhausted his remedies in state court and abstention is therefore inappropriate; (2) incidents of harassment, bad faith, violation of First Amendment rights, and other extraordinary circumstances compel equitable federal intervention; (3) complaints of racial discrimination, denial of equal protection, and violation of civil rights are properly brought to the federal courts; (4) he may be entitled to relief and damages not available in state court and abstention is therefore improper; and (5) he must litigate under the Prisoner Litigation Reform Act and other financial restrictions, taxing his resources so thoroughly that abstention in favor of pursuit of other litigation is unreasonable and unwarranted.

This court reviews *de novo* the district court's decision to abstain. *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir.1997). Upon consideration, we affirm the district court's order and judgment for the reasons stated therein. The specific issues Moniz raises on appeal are without merit. Abstention is appropriate in this case despite his conclusory claims of bad faith, constitutional violations, lack of a damages remedy in state court, and indigency.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.