**Mary Susan FURR–BARRY, Plaintiff–Appellant,**

v.

**Shirley UNDERWOOD, Judge; Robert Stewart; Nancy Greer; Shirley Odum; Commissioner, Tennessee Department of Human Services; Judy Cole; Beau Irvin, Defendants–Appellees.**

No. 02–5969.

United States Court of Appeals, Sixth Circuit.

March 13, 2003.

Before MOORE and CLAY, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

Mary Susan Furr–Barry, proceeding pro se, appeals a district court order dismissing her civil action purportedly filed pursuant to 28 U.S.C. § 1331. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 2, 2002, Furr–Barry filed a complaint against Shirley Underwood, a Johnson City, Tennessee, judge; the Tennessee Department of Human Services; and the following individuals who are employed by or associated with the Tennessee Department of Human Services: Robert Stewart, Nancy Greer, Shirley Odum, Judy Cole,

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

and Beau Irvin. Furr–Barry alleged that she initiated an action in a Johnson City, Tennessee, Juvenile Court against her daughter because her daughter "had 'dumped' [her] little grandchildren at [her] home and went running off in the night with some guy." Furr–Barry apparently sought custody of her grandchildren and alleged that Judge Underwood, who presided over the juvenile court proceedings, awarded custody of the children to another person despite the fact that she desired custody. Furr–Barry alleged that Underwood "has committed so many improprieties" throughout the course of the state juvenile court proceedings and that the remaining defendants have provided inadequate assistance in her quest to gain custody of her grandchildren. Furr–Barry sought a federal court order requiring the state court to "[c]ease and desist with Juvenile Court Hearing" scheduled for July 9, 2002, prohibiting "Shirley Underwood, Scotty Perrin or Robert Stewart to have anything else to do with this case," and directing "Human Services from top down to clear itself of its abuses, [and] quit playing politics with the lives of children and families." Furr–Barry also sought punitive damages.

The district court granted Furr–Barry's motion to proceed in forma pauperis and dismissed the action, concluding that it must abstain from adjudicating the matter in deference to the ongoing state civil proceedings pursuant to the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Furr–Barry's motion for reconsideration was subsequently denied. Furr–Barry has filed a timely appeal. She has also filed a motion to amend the caption of her case "to incorporate the names of Scotty Perrin and Shannon Clark to the original case. . . ."

We review de novo a district court's decision to abstain from adjudicating a claim pursuant to the *Younger* doctrine. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir.2000); *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir.1997). Under the *Younger* abstention doctrine, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44–45. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir.1998); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Hayse*, 110 F.3d at 20. Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interfere(s) with the legitimate activities of the Stat(e)." *Juidice v. Vail*, 430 U.S. 327, 335–36, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (quoting *Younger*, 401 U.S. at 44).

Upon review, we conclude that the district court properly concluded that abstention was required in this case, as all three factors that support abstention under *Younger* were present. First, Furr–Barry's juvenile court case was currently pending in a Tennessee state court. Second, the juvenile court case implicated important state interests. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703–04, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir.1995). Third, there was no evidence that the state court proceedings did not provide an opportunity for Furr–Barry to raise her constitutional claims.

Accordingly, the motion to amend the case caption is denied and the district

court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.