**Robert WATSON, Plaintiff–Appellant,**

v.

**WAYNE COUNTY, et al., Defendants–Appellees.**

No. 03–1825.

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 2004.

Robert Watson, pro se, Kingsley, MI, for Plaintiff–Appellant.

Before NELSON, GILMAN, and ROGERS, Circuit Judges.

### ORDER

Robert Watson, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a fee-paid complaint filed in April 2003, Watson sued Wayne County, Michigan; the City of Detroit, Michigan; former Wayne County Prosecutor John D. O'Hair; and Detroit detectives Gerald Hoskins and Ted Wasik. Watson alleged that his 1990 arrest and interrogation were improper and that he was held in a cold, dirty, and uncomfortable jail cell for about ninety hours. He sought compensatory and punitive damages, and sued the defendants in their official capacities. The district court construed the complaint as raising a Fourth Amendment claim, a Fifth Amendment claim, and a conditions of confinement claim. The court dismissed the complaint sua sponte as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915A. The district court held that Watson's Fourth Amendment and conditions of confinement claims were barred by the applicable statute of limitations, that his Fifth Amendment claim was barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), that Watson failed to exhaust his administrative remedies with respect to his conditions of confinement claim, and that O'Hair, Wayne County, the City of Detroit, and the Detroit Police Department en-

joyed prosecutorial and municipal immunity.

On appeal, Watson argues that the district court erred by: (1) dismissing his complaint sua sponte under § 1915A even though he paid the filing fee; (2) holding that his Fourth Amendment claim was barred by the statute of limitations; (3) holding that he had no Fifth Amendment claim because he has not shown that his conviction was invalidated; (4) ruling that his claim regarding the conditions of his confinement at the Wayne County Jail has no merit under 42 U.S.C. § 1997e(a); (5) finding that municipal immunity applied; and (6) finding that prosecutorial immunity applied.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). Section 1915A requires district courts to screen all complaints filed by prisoners against a governmental entity or its officers or employees, whether or not they are proceeding in forma pauperis. *See* 28 U.S.C. § 1915A; *Benson v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir.1999); *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997). If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte. *Pino v. Ryan,* 49 F.3d 51, 53–54 (2d Cir.1995).

Upon review, we conclude that all of Watson's claims are barred by the statute of limitations. Although this was not the district court's only ground for dismissing Watson's complaint, "[t]his court can affirm a decision of the district court on any grounds supported by the record." *Brown v. Tidwell,* 169 F.3d 330, 332 (6th Cir. 1999).

Watson's complaint was untimely. He alleged that, on December 10, 1990, police broke into his apartment and arrested him without explanation. According to Watson, he was held for over ninety hours without an opportunity to contact a lawyer, family, or friends. He was interrogated, forced to sign a statement, and never advised of his rights. Watson was arraigned on December 12, 1990, on charges of criminal sexual conduct and aiding and abetting. The warrant for his arrest was not signed or issued until that time.

Accepting Watson's allegations as true, his claims accrued in December 1990 because he knew that the acts providing the basis of his injuries had occurred. *See Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). Even if it is assumed that Watson was incarcerated from December 1990 through April 1, 1994, and was entitled to tolling under Mich. Comp. Laws § 600.5851, he had only until April 1, 1995, to challenge his arrest, questioning, and confinement under § 1983. Thus, Watson's April 2003 complaint was filed well beyond Michigan's statute of limitations period.

We have considered Watson's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.